IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHOE REGIONAL PLANNING AGENCY,

        Plaintiff,                      CIV. NO. S-05-0300 WBS GGH

    vs.

STUART MCDONALD,

                                    FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

        Plaintiff's second amended application for default judgment against defendant Stuart McDonald, filed November 18, 2005, was vacated from this court's calendar for December 8, 2005, and taken under submission. Upon review of the application and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On February 14, 2005, plaintiff filed the underlying complaint in this action against defendant Stuart McDonald, alleging defendant had engaged in excavation and vegetation removal in a stream environment zone, dumped and disposed of materials in a stream

1

environment zone, and caused material damage to trees, in violation of the Tahoe Regional Planning Compact, Pub. Law 96-551, 94 Stat. 3233, Cal. Gov. Code § 66801 et seq., and the Tahoe Regional Planning Agency's ("TRPA") Code of Ordinances.  The summons and complaint were personally served on defendant Stuart McDonald, on April 10, 2005. Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or otherwise appear in this action.  On October 11, 2005, the clerk entered default against defendant Stuart McDonald.

The instant application for default judgment and supporting papers were served by mail on defendant at his last known address.  Defendant filed no opposition to the application for entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $15,000.00.[1]

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The application and declarations filed in support of the application for default judgment also support the finding that plaintiff is entitled to the damages and fees and costs requested.  The declarations detail the amount of civil penalties which could be charged (far in excess of $15,000.00) and provide a reasoned basis for arriving at $15,000.00.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

\\\\\

---

[1] Although plaintiff initially sought injunctive relief in the complaint, plaintiff does not request any such relief in the default judgment motion.

1  In view of the foregoing findings, it is the recommendation of this court that
2  plaintiffs' application for entry of default judgment be GRANTED.  Judgment should be
3  rendered in the amount of $15,000.00.
4  These findings and recommendations are submitted to the Honorable William B.
5  Shubb, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).
6  Within ten days after being served with these findings and recommendations, any party may file
7  written objections with the court and serve a copy on all parties.  Such a document should be
8  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
9  objections shall be served and filed within ten days after service of the objections.  The parties
10 are advised that failure to file objections within the specified time may waive the right to appeal
11 the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: 5/19/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Tahoe0300.def.wpd